UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-10356-DPW-MBB |
| | ) | |
| JACK A. VENTOLA, | ) | |
| | ) | |
| Defendant | ) | |

**<u>GOVERNMENT'S RESPONSE IN SUPPORT OF THE BRUNOS' MOTION TO QUASH RULE 17 SUBPOENAS AND MOTION TO COMPEL DISCLOSURE OF DEFENDANT'S SEALED, EX PARTE SUBPOENAS</u>**

The government files this response in support of the motion by third parties Michael and Marie Bruno to quash defendant Jack Ventola's Rule 17 subpoenas (Dkt. 84) and respectfully moves to compel the defendant to disclose to the Court any additional subpoenas he has issued *ex parte* and under seal so that the Court can evaluate whether they, too, should be quashed.

For the reasons articulated in the Brunos' memorandum of law (Dkt. 85), the Court should quash Ventola's subpoenas to the Brunos. The most obvious reason is the breadth of the subpoenas, which seek "any and all documents" concerning seventeen people or business entities—including at least two multi-million dollar companies—over a six-year time period. The subpoenas are thus efforts to obtain general discovery, not the type of specific requests for relevant and admissible trial evidence to which the defendant might be entitled under Rule 17.

Rule 17 is not a discovery instrument. The purpose of the rule is to facilitate the trial by designating a time and place prior to trial to obtain and inspect evidentiary material. *See United States v. Nixon*, 418 U.S. 683, 698–99 (1974). Rule 17(c) was "not intended to provide an additional means of discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Consequently, a defendant "may use subpoenas before trial to secure admissible evidence *but not*

*as a general discovery device.*" *United States v. Henry*, 482 F. 3d 27, 30 (1st Cir. 2007) (emphasis added); *see also United States v. Manghis*, 2010 WL 349583, at *2 (D. Mass. Jan. 22, 2010) (stating that it is "improper[] [to] us[e] Rule 17(c) as a discovery device, which it is not").

Because the subpoenas are too broad, they also run afoul of the requirement that Rule 17 only be used to obtain documents that are evidentiary—that is, admissible—and relevant. *See Nixon*, 418 U.S. at 699. And their issuance is untimely. A Rule 17 subpoena is a mechanism for obtaining trial evidence. Here, a trial has not yet even been scheduled. *Cf. United States v. Shay*, No. 92-cr-10369-Z, 1993 WL 128728, at *1–2 (D. Mass. April 2, 1993) (denying Rule 17 subpoena in part because the possibility that there may be no trial posed a "serious barrier to satisfaction of Rule 17(c)"); *United States v. Urlacher*, 136 F.R.D. 550, 558 (W.D.N.Y. 1991) ("[T]his motion [for a Rule 17 subpoena] is premature, and it should be entertained only when a trial date is firmly set.").

Moreover, as the Brunos' motion suggests, it does not appear that the defendant has offered the Court any basis for his subpoenas to have issued *ex parte* and under seal, and it is not clear that such *ex parte* subpoenas are permitted under First Circuit law. Even if they are, the sweeping nature of the subpoenas to the Brunos makes clear that there is no basis for them to be issued *ex parte* and under seal, insofar as they could not possibly reveal the defendant's trial strategy. *See, e.g., United States v. Godfrey*, 11-cr-10279-RWZ, 2013 WL 5780439, at *2 (D. Mass. Oct. 18, 2013) (noting that court was "not persuaded that the information contained [in defendant's request for issuance of *ex parte* subpoenas] would prematurely disclose trial strategy to a degree that warrants secrecy from the government and the victims"). The subpoenas to the Brunos are identical and attest no tailoring or restraint; they simply ask for all documents

concerning every person or entity whose name might come up in the case. There is no reason to think subpoenas issued to other recipients look any different. Accordingly, the government moves to compel Ventola to disclose to the Court if he has issued other subpoenas, and, if he has, what they seek, what his trial strategy is, how the subpoenas relate to that strategy, and why their disclosure would compromise it "to a degree that warrants secrecy" from the government. *Id*. The defendant must also persuade the Court that the documents he seeks are relevant, admissible, and identified with specificity. *See Nixon*, 418 U.S. at 699. If he is unable or unwilling to do the former, any such subpoenas should be unsealed; if he is unable or unwilling to do the latter, the subpoenas should be quashed.

Finally, even if the defendant is permitted to obtain subpoenas *ex parte*, the government respectfully submits that it should be permitted to inspect any documents produced in response to those subpoenas. Rule 17 contemplates inspection by both parties, in the court's discretion. *See* Fed. R. Crim. P. 17(c)(1). Inspection will not prejudice Ventola, as the mere production of documents by a third party does not, without more, reveal anything about what, if any, information within those documents the defense was seeking or might find useful. Accordingly, there is no basis to conclude that the production of documents by third parties will reveal the defendant's trial strategy or otherwise compromise his defense to a degree that warrants withholding the materials from inspection by the government.

                                              Respectfully submitted,

                                              WILLIAM D. WEINREB
                                              Acting United States Attorney

Dated: April 28, 2017        By:        */s/ Brian Pérez-Daple*
                                              Stephen E. Frank
                                              Brian A. Pérez-Daple
                                              Assistant U.S. Attorneys

**Certificate of Service**

I hereby certify that, on this day, I electronically filed the above document using the CM/ECF system, which should automatically send e-mail notification to the registered participants as identified on the Notice of Electronic Filing.

Dated: April 28, 2017					*/s/ Brian Pérez-Daple*
						Assistant United States Attorney